Judge LANSING,
specially concurring.
Although the State of Idaho has prevailed in this appeal, this is not a situation of which the State or its subdivision, Ada County, should be proud. Regardless of whether Peterson chose the correct procedural mechanism to seek a refund, it is owed to him. When Wade Lamonte Peterson’s judgment of conviction was reversed by the Idaho Supreme Court, that decision reversed the entire judgment, including the fines, fees, court costs, and restitution orders that it encompassed. One can only wonder why these funds were not voluntarily remitted to Peterson promptly after he made his request for reimbursement.[1] The State has not even argued that the state and county agencies that received Peterson’s money have any lawful right to retain the funds; it argues only that the Court in this proceeding has no authority to order the disgorgement of those funds. Reluctantly, I must agree. Thus, the only recourse for people in Peterson’s position is to file a separate lawsuit naming as a defendant each public agency that received a portion of his payments. For Peterson, the cost of preparing, filing, serving process, and litigating such a civil case might well exceed the amount he stands to recoup. Consequently, he has suffered an injustice that may not be remedied.
*168 This problem calls for a legislative solution. A simple, inexpensive, and speedy mechanism should be available by which a person whose conviction has been set aside with finality may recoup fines, fees, and other sums paid to public agencies pursuant to a subsequently vacated judgment when the agencies will not make voluntary refunds.
Judge GUTIERREZ concurs.

. Either the public agencies refused refunds to Peterson or the prosecutor did not notify the agencies of Peterson’s request for and entitlement to reimbursement.